50 So.2d 774

**JARRELL v. STATE.**

**5 Div. 477.**

Supreme Court of Alabama.

Dec. 8, 1949.

Rehearing Denied Feb. 2, 1950.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the petition.

Walker & Walker, of Opelika, and R. C. Wallace and C. S. Moon, of LaFayette, opposed.

BROWN, Justice.

It is familiar law that to justify the reversal of a trial court for refusing a special written instruction requested by a party to the suit or prosecution, such instruction must be couched "in the correct and appropriate terms of the law." Hudson v. State, 217 Ala. 479, 116 So. 800, 802; Ex parte State ex rel. Attorney General, 211 Ala. 1, 100 So. 312.

The Court of Appeals reversed in the instant case because the trial court refused defendant's written instruction, to-wit: "The court charges the jury that the evidence in this case is circumstantial and that before you can convict the defendant on such testimony the proof must be very strong and cogent, so much so *as to exclude every reasonable doubt and probability of his innocence.*" [Italics supplied.]

In Pickens v. State, 115 Ala. 42, 46, 50, 22 So. 551, 554, it was held, Brickell, C. J., speaking, that it was error to refuse an instruction in the exact language of the one here under consideration. But before approving the instruction the great Chief Justice was careful to state the language of the applicable law. " * * * The test of the sufficiency of circumstantial evi-

dence is whether the circumstances, as proved, produce a moral conviction, to the exclusion of all reasonable doubt, of the guilt of the accused,—whether they are incapable of explanation upon any reasonable hypothesis consistent with his innocence. In Ex parte Acree, 63 Ala. 234, the principle, as it may be collected from approved text writers and the current of judicial decision, was announced by Stone, J.: '* * * that upon circumstantial evidence there should not be a conviction unless, to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires.' The refusal of a charge requested, embodying this language, was declared error in Gilmore v. State, 99 Ala. 154, 13 So. 536. * * *"

■ We note parenthetically the caution in the above quoted excerpt that instructions must be construed in reference to the evidence to which they refer. The tendencies of the evidence for the state were that *two persons* acting in concert were present at the time of the killing and that one or the other fired the fatal shot. Pickens v. State, 115 Ala. 42, 51, 22 So. 551.

The language of charge 14 in Gilmore's case, 99 Ala. 154, 157, 13 So. 536, 537, referred to in the Pickens case, supra, is: "* * * 'The only just foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence, beyond a reasonable doubt, and to a moral certainty, that the defendant is guilty as charged in this indictment, to the exclusion of every probability of his innocence, *and every reasonable doubt of his guilt:* and if the prosecuter has failed to furnish [such] measure of proof, and to impress the minds of the jury with such belief of [his] guilt, [they] should find him not guilty.' * * *" [Italics supplied.]

■ With all due apology to the great Chief Justice, it seems clear that he over-looked the ellipsis in charge 1 refused in Pickens v. State, supra,—the omission of words above emphasized. This omission is made more manifest by the statement in the opinion of the court in Gilmore's case, supra, 99 Ala. at page 160, 13 So. at page 538: "* * * Thus, adverting to charge 14, requested by defendant, it is not improper to instruct, as therein is done, that there must be, as essential to conviction, an exclusion *of every probability of innocence, and every reasonable doubt of guilt.* * * *" [Italics supplied.]

Moreover, the charge for the refusal of which the judgment of the circuit court was reversed was condemned by this Court in McDowell v. State, 238 Ala. 101, 189 So. 183, for the use of the word "very". To paraphrase the refused written charge number 14 in the present case, "The court charges the jury that the evidence in this case is circumstantial and that before you can convict the defendant on such testimony the proof must be very strong and cogent, so much so as to exclude (*not every reasonable doubt of guilt and probability of innocence*) every reasonable doubt and probability of his innocence." [Parenthesis supplied.] As elucidating the principle under consideration, we reproduce here the language used in the opinion of the court in Gilmore's case, supra: "* * * There is a presumption of innocence, which is conclusive until it is overthrown by evidence. It is true that, after evidence of guilt has been introduced, a probability of innocence, or an overbalancing weight of evidence in favor of innocence, which is the same thing, may arise by the introduction by the defendant of countervailing proof; and before there should be a conviction this probability or weight of evidence of should be removed by further evidence of guilt, sufficient, with all the evidence in the case, to satisfy the minds of the jury of such guilt, beyond a reasonable doubt; and it would not be improper to charge that, if such a probability has arisen, it must have been removed before there can be a conviction. Thus, adverting to charge 14, requested by defendant, it is not improper to instruct, as therein is done, that there must be, as essential to

conviction, an exclusion of *every probability of innocence, and every reasonable doubt of guilt.* But formulated as a general proposition, as in charge 12, 'that in all criminal prosecutions the evidence must be such as to exclude a rational probability' of innocence, is inapt, confusing, and misleading. There are many charges of this nature found in the reports of our criminal trials, drawn, as in this case, without due consideration of the meaning and bearing of terms used, which if sanction is given to them, tend to bring the law into confusion, rather than to make it certain. All such ought to be set aside, though technically they may assert correct legal propositions." [Italics supplied.]

Our judgment and conclusion is that the charge on which the reversal was based was not couched in "the exact and appropriate" language of the law and that its refusal by the trial court should not be made the basis of reversible error.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for further consideration.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.

LAWSON and SIMPSON, JJ., concur that the refusal of said charge was not reversible error.

LAWSON, Justice (concurring specially).

I am of the opinion that the trial court did not err in refusing the defendant's refused charge No. 14. In my opinion the trial court's action in this regard was fully justified under the decision of this court in the case of McDowell v. State, 238 Ala. 101, 189 So. 183, wherein it was held that written charge No. 8, requested by McDowell, was properly refused by the trial court on the ground that it contained the word "very." I am, therefore, of the opinion that the judgment of the Court of Appeals should be reversed and the cause remanded.

SIMPSON, J., concurs in the above.