The petitioner was indicted on charges of burglary in the third degree and theft in the second degree. A jury trial resulted in his being found guilty of these charges, and judgment was entered accordingly, fixing his punishment at 15 years' imprisonment.
Petitioner appealed from that judgment to the Court of Criminal Appeals. That court affirmed the conviction, without opinion. 453 So.2d 11 (Ala.Crim.App. 1984). In his application for rehearing addressed to that court, petitioner included a Rule 39 (k), A.R.A.P., statement of facts from the record for consideration. The application for rehearing was denied without opinion. 453 So.2d 11.
Petitioner then petitioned this Court for a writ of certiorari on the ground that the decision of the Court of Criminal Appeals was in conflict with that court's prior decisions on the requirements for a conviction based upon circumstantial evidence, citing Weathers v. State,439 So.2d 1311 (Ala.Crim.App. 1983); Graham v. State, 374 So.2d 929
(Ala.Crim.App.), cert. quashed, 374 So.2d 942 (Ala. 1979); andCumbo v. State, 368 So.2d 871 (Ala.Crim.App. 1978), cert.denied, 368 So.2d 877 (Ala. 1979).
The Rule 39 (k) statement of facts follows:
 "The G.C. Murphy Company, located at the Agricola Shopping Center in Gadsden, Alabama, was burglarized on the evening of June 8, 1983 (R-19). The approximate time of the burglary was 11:00 p.m. (R-19). The manager of the store, Dale Higginbotham, went to the store after receiving a call and turned off the burglar alarm (R-19). The police were already there (R-19), and Mr. Higginbotham noticed that the camera and calculator cases had been broken into (R-19-20). A white bag was found in the back of the store, near the place a hole had been made through the building's rear wall (R-20). The bag contained merchandise that had been removed from the calculator and camera department of the store (R-22). The value of the merchandise in the bag was approximately six hundred and no/100 ($600.00) dollars (R-22). An inventory done the day after the burglary (R-27) indicated that merchandise valued at seven hundred twenty-six and 57/100 ($726.57) dollars was missing from stock (R-30). This inventory was not accurate (R-30), however, and Mr. Higginbotham testified that some of the merchandise listed on the inventory could have been missing because it was sold (R-30-31), or could have been removed between the time of the burglary and the inventory (R-31).
 "Officer Gary Mason, Gadsden Police Department, was the investigating officer who dusted the store for fingerprints (R-34). Officer Mason testified that there were two (2) cameras and sixteen (16) packs of film in the white bag found at the rear of the store (R-38). Officer Mason made thirteen (13) lifts of fingerprints from the boxes of film (R-40). He testified that there were no lifts taken from the cameras (R-47). Of the thirteen (13) lifts that were made from the film, nine (9) lifts were readable (R-63). Of these nine (9) lifts, three (3) were identified as the Defendant's fingerprints, and six (6) were unidentified (R-63). The fingerprints were as much as forty-eight (48) hours old (R-63). There was no testimony that the Defendant was seen entering or leaving the store on the night of the burglary and the State's evidence was entirely circumstantial. The Defendant was arrested on July 26, 1983, approximately two (2) weeks after the burglary (R-6)." *Page 101 
This statement was also the statement of facts contained in petitioner's brief on appeal to the Court of Criminal Appeals as well as the statement of facts in his brief on petition to this Court. In its briefs to the Court of Criminal Appeals and to this Court, the State of Alabama has accepted this statement of facts as "substantially correct" and adopted it by reference. Our own examination of the record substantiates its accuracy.
An abundance of decisions exists on the extent to which circumstantial evidence may support a finding of guilt, and the general legal requirement has been repeated frequently, although not always in the same terms. These requirements have preserved the force of circumstantial evidence to support a finding of guilt if "the evidence is so strong and cogent as to show defendant's guilt to a moral certainty," Tanner v. State,291 Ala. 70, 277 So.2d 885 (1973); Gantt v. State,356 So.2d 707 (Ala.Crim.App.), cert. denied, 356 So.2d 712 (Ala. 1978), and the circumstances producing the moral certainty of the accused's guilt "are incapable of explanation on any reasonable hypothesis." Jarrell v. State, 255 Ala. 128, 50 So.2d 774
(1949); Sumeral v. State, 39 Ala. App. 638, 106 So.2d 270
(1958).
As pointed out in Ex parte Acree, 63 Ala. 234 (1879), and quoted in Weeks v. State, 428 So.2d 193 (Ala.Crim.App. 1983):
 "The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires. . . ."
And in Weathers v. State, 439 So.2d 1311 (Ala.Crim.App. 1983), the Court of Criminal Appeals quoted with approval the following language from its opinion in Thomas v. State,363 So.2d 1020 (Ala.Crim.App. 1978):
 "While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So.2d 325 (Ala.Crim.App. 1976), cert. quashed, 345 So.2d 329 (Ala. 1977); Colley v. State, 41 Ala. App. 273, 128 So.2d 525 (1961). A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala. App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala. App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368
(1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. Sauls v. State, 29 Ala. App. 587, 199 So. 254 (1940); Riley v. State, 28 Ala. App. 389, 187 So. 247 (1938); Rungan v. State, 25 Ala. App. 287, 145 So. 171 (1932); Guin v. State, 19 Ala. App. 67, 94 So. 788 (1922).
 "An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. Roberts v. State, 346 So.2d 473 (Ala.Crim.App.), cert. denied, 346 So.2d 478 (Ala. 1977); Hale v. State, 45 Ala. App. 97, 225 So.2d 787, cert. denied, 284 Ala. 730, 225 So.2d 790 (1969); Orr v. State, 32 Ala. App. 77, 21 So.2d 574 (1945). It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648
(1962). A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. Louisville N.R. Co. v. Mann's Adm'r, 227 Ky. 399, *Page 102 
 13 S.W.2d 257 (1929). The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur. Parker v. State, 280 Ala. 685, 198 So.2d 261 (1967); Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414 (1910)."
Applying these principles to the facts in this case, the basic question must be whether or not the evidence adduced is consistent with guilt and inconsistent with any reasonable hypothesis that the petitioner is innocent. Johnston v. State,387 So.2d 891 (Ala.Crim.App.); cert. denied, 387 So.2d 905
(Ala. 1980).
We have concluded, from an analysis of the facts, that this conviction is not supported by circumstantial evidence which sustains petitioner's conviction. According to the facts, the only evidence connecting the petitioner to the stolen goods was that three of the "lifts" taken from the boxes of film were identified as his. The record discloses that the stolen cameras had been contained in a locked display case which had been broken into. The film packages, however, although behind the display case and in an area of the store where customers were not invited, nevertheless were located on an open, unlocked pegboard behind the display case and were accessible to the shopping public by a passageway between display cases. The period of time between when these fingerprints were made on the film boxes and the time they were lifted was approximately 48 hours, i.e., two days. The State produced no evidence placing petitioner at or near the store on the night of the burglary, a Wednesday night. No connecting evidence was adduced by way of a search of his premises. The sole evidence supporting an inference of guilt was that his fingerprints, along with thefingerprints of others, were found on three or less of the sixteen boxes of film.
Might a jury find that the evidence excluded every reasonable hypothesis except that of guilt? Cumbo v. State, 368 So.2d 871
(Ala.Crim.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). We do not believe a jury could do so here. The least that could be inferred as a counter-hypothesis is that the petitioner's fingerprints could have been left on the packs during regular hours of the two business days preceding the burglary. Thus, to find the accused guilty under this evidence, as a practical matter, places the browsing shopper who handles merchandise, even in a restricted, but accessible, area of a store, at the risk of felony conviction should some of that merchandise later be the subject of a theft. The law of circumstantial evidence does not permit such a result.
For these reasons, the judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to that court for an order consistent with this opinion.
It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.