TYSON, Judge.
David Thompson was indicted for trafficking in marijuana in violation of § 20-2-80, Code of Alabama 1975. The jury found the appellant “guilty of trafficking in can *926 nabis” and, following a sentencing hearing, the trial judge fixed punishment at 30 years’ imprisonment and assessed a fine of $25,000.
I
The appellant contends that the evidence at trial was insufficient to support the jury verdict in this cause. He argues that the State relied on circumstantial evidence and that such evidence failed to prove his guilt beyond any reasonable hypothesis of innocence.
Robert Farrell testified that he was a police officer employed by the Hackleburg, Alabama Police Department. On April 11, 1984, at approximately 10:00 p.m., Farrell responded to a call regarding a possible airplane crash. He proceeded to the area of the alleged crash and, upon arrival, he realized that there had not been such a crash. He observed an airplane sitting at the end of a “runway”. Other police officers from various agencies began arriving on the scene and they secured the airplane. Farrell further stated that he did not observe the appellant anywhere at the scene that same night.
Marion County Deputy Sheriff Donnie Winter testified that on the night of April 11,1984, he responded to a call regarding a possible airplane crash. Upon arrival at the scene, he proceeded down into an old “strip pit” and observed a string of lights along the ground making a small runway. At the end of this runway he observed an airplane with its front wheel sitting in a pothole. Winter observed vehicle tracks going away from the airplane. He and several other officers followed these tracks for approximately one mile where they observed a parked four-wheel drive pickup truck. The officers did not find anyone at the scene of the truck. They observed some footprints leading away from the truck. They followed these footprints into some woods, eventually losing sight of the prints. They returned to where they had found the truck and began to drive it back to the scene of the airplane. While they were heading back, they observed a large object beside the logging road which they were on. They stopped the truck and observed a green “tarp” under which they found several bales of marijuana, a “ham radio”, an aircraft band radio, a shovel and an axe. Farrell never saw the appellant at the scene or in this area that night.
James Roberts testified that he is an airplane mechanic employed by the appellant. He stated that the appellant operated a business at the airport in Haleyville, Alabama. He further stated that the appellant was the manager of the airport. Roberts had first seen the airplane involved in this cause “a couple of months” before the incident on April 11, 1984. He last saw the airplane on April 6, 1984. He further stated that one Mike Schiavoni and the appellant had flown the plane.
Charles Teague testified that he was an airport board member in Haleyville. Because of his interest in flying, he was often at the Haleyville airport. He stated that on Sunday, April 8, 1984, he went to the airport. When he arrived, he saw the airplane sitting at the gas pump. He walked up and the appellant asked him if he wanted to go for a ride with him and Kenny Bickerstaff. They then flew around for a short while. Teague stated that there was some conversation regarding several radios which were mounted on the dash of the airplane. He further stated that the flight was nothing unusual.
Gary Wallace testified that he was a criminalist employed by the Alabama Department of Forensic Sciences. He arrived at the scene at approximately 8:30 a.m. on April 12, 1984. Upon arrival he observed a pickup truck and an airplane. He removed a small amount of brown-green plant fragments from the airplane. He subsequently analyzed these fragments and found them to be marijuana. He further analyzed samples taken from a number of “bundles” found at the scene. He determined these samples to be marijuana.
John Vaughn testified that he was an investigator employed by the Jasper District Attorney’s Office. He conducted an investigation of the airplane and the truck *927 found at the scene. He stated that he examined the interior and exterior of the airplane for fingerprints. He also examined papers and other material found inside the airplane for fingerprints. He found one fingerprint, identified as the appellant’s, from the microphone of one of the airplane’s radios. He found a couple of fingerprints, identified as the appellant’s, on the exterior of the door and one of the appellant’s fingerprints on a Coke can found on the floorboard of the airplane.
Vaughn further testified that he found a number of fingerprints, identified as belonging to one Mike Schiavoni, on some documents and papers found inside the airplane. He found some correspondence to and from Schiavoni. He found fingerprints on and in the airplane and truck that he could not match to anyone whose known prints were submitted for comparison. He was able to lift fingerprints from two other soft drink cans found in the airplane, but could not match them to any of the known prints submitted. Vaughn testified that one William Hayes was listed as the owner of the airplane on the registration papers, but he was not furnished any known prints of Hayes to compare with any of the prints which he lifted. As to the age of the fingerprints, Vaughn stated that the fingerprints on the exterior of the airplane would be fresh (i.e., made within 48 hours) and that he had no way of determining the age of the prints found inside the airplane.
Jerry Feltman testified that he was an investigator employed by the Marion County Sheriff’s Department. On April 17, 1984, he took a statement from the appellant. The appellant told Feltman that some two or three months prior to the incident he received a telephone call from Mike Schiavoni. Schiavoni asked the appellant if he could fly out to Houston, Texas and fly this airplane back from Texas with Schiavo-ni. The appellant did this, spending one night in Houston. Appellant stated that he took a commercial flight to Houston. Subsequent to his return from Houston with Schiavoni, the appellant received a telephone call from William Hayes, the owner of this airplane. Hayes asked him to fly to New Orleans, Louisiana, to discuss the possibility of the appellant’s entering into a rental-lease agreement with Hayes regarding this airplane. The appellant stated that Hayes was in poor health and wanted someone to be using his airplane. Hayes also asked the appellant to pick up an inflatable life raft and bring it to him in New Orleans. The appellant took a commercial flight to New Orleans, where he met with Hayes, and they entered into an agreement for the appellant to use this airplane. Hayes also asked the appellant to buy him a couple of hand-held radios and gave the appellant $1,000.00 with which to purchase the radios. The appellant purchased two of these radios. However, Hayes had not given him enough money, so he decided to keep one for his own use at the airport. The appellant further told Feltman that several days prior to April 11, 1984, Hayes had telephoned him and told him that he wanted to use the plane and asked the appellant if he would fly the plane down to the coast. The appellant told Hayes that he had a friend in Pensacola, Florida he wanted to see, so he would fly the plane there. After some discussion they agreed that the appellant would meet Hayes half way and fly the plane into Gulf Shores, Alabama. Hayes also asked the appellant if he would bring some extra gasoline along so the appellant filled a couple of five gallon cans with gasoline and placed them in the plane. The appellant also took the hand-held radio which he had purchased for Hayes. On Wednesday, April 11, 1984, at approximately 6:00 a.m., the appellant left the Haleyville airport on his way to Gulf Shores. Upon arrival in Gulf Shores, Hayes met him at the airport and gave the appellant his car to use and the key to a hotel room he had rented for the appellant in Pensacola, Florida. The appellant then drove to Pensacola, stayed one night in the hotel and got in touch with his friend on Thursday morning. He stayed with his friend until returning to Haleyville on the following Monday.
Feltman testified that the appellant told him the radio found at the scene was the *928 one he had taken to Hayes in Gulf Shores. Feltman also stated that the other radio which was purchased by the appellant was found in appellant’s place of business hooked up to an antenna.
Feltman testified that the truck seized at the scene was registered to one Thomas Malloy in Corpus Christi, Texas.
Cecil Dobbs testified that he was a Marion County Sheriffs Deputy. He testified as to his observations at the scene on April 11, 1984, but could not place the appellant at the scene that night.
William Osborne testified that he was from Pensacola, Florida, and was a friend of the appellants. He stated that he worked in Louisiana from Thursday to Thursday. On Thursday, April 12, 1984, at approximately 9:00 a.m. he received a telephone call from the appellant. Osborne stated that he had only been home from Louisiana a short while when he received the call. He then drove to a local motel and picked up the appellant who stayed with him until the following Monday. Osborne stated that the appellant told him that he had flown an airplane down to Gulf Shores the day before and had driven over to Pensacola and spent the night so they could visit.
A careful reading of the transcript reveals that the appellant was convicted wholly upon circumstantial evidence. This court has opined in a plethora of decisions on the extent to which circumstantial evidence may support a finding of guilt.
Upon examination of these decisions, we must agree with the appellant that Williams v. State, 468 So.2d 99 (Ala.1985) is dispositive of this case. In Williams, the Alabama Supreme Court stated that circumstantial evidence will support a finding of guilt if “ ‘the evidence is so strong and cogent as to show defendant’s guilt to a moral certainty,’ Tanner v. State, 291 Ala. 70, 277 So.2d 885 (1973); Gantt v. State, 356 So.2d 707 (Ala.Crim.App.), cert. denied, 356 So.2d 712 (Ala.1978), and the circumstances producing the moral certainty of the accused’s guilt ‘are incapable of explanation on any reasonable hypothesis.’ Jarrell v. State, 255 Ala. 128, 50 So.2d 774 (1949); Sumeral v. State, 39 Ala.App. 638, 106 So.2d 270 (1958).” Williams, supra at 101.
The Supreme Court further quoted the following passage from Weathers v. State, 439 So.2d 1311 (Ala.Crim.App.1982), in Williams, supra at 101-102:
“ ‘While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. Smith v. State, 345 So.2d 325 (Ala.Crim.App.1976), cert. quashed, 345 So.2d 329 (Ala.1977); Colley v. State, 41 Ala.App. 273, 128 So.2d 525 (1961). A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala.App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala.App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368 (1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. Sauls v. State, 29 Ala.App. 587, 199 So. 254 (1940); Riley v. State, 28 Ala.App. 389, 187 So. 247 (1938); Rungan v. State, 25 Ala.App. 287, 145 So. 171 (1932); Guin v. State, 19 Ala.App. 67, 94 So. 788 (1922).
“ ‘An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. Roberts v. State, 346 So.2d 473 (Ala.Crim.App.), cert. denied, 346 So.2d 478 (Ala.1977); Hale v. State, 45 Ala.App. 97, 225 So.2d 787, cert. denied, 284 Ala. 730; 225 So.2d 790 (1969); Orr v. State, 32 Ala.App. 77, 21 So.2d 574 (1945). It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. Stambaugh v. Hayes, 44 N.M. 443, *929 103 P.2d 640 (1940); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962). A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. Louisville & N.R. Co. v. Mann’s Adm’r, 227 Ky. 399, 13 S.W.2d 257 (1927). The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur. Parker v. State, 280 Ala. 685, 198 So.2d 261 (1967); Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414 (1910).’ ”
Applying these principles to the facts of this case, the question then becomes whether or not the evidence is consistent with the guilt and inconsistent with any reasonable hypothesis of innocence, and whether a jury might find that the evidence excluded every possible hypothesis except that of guilt. See Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), cert. denied, 368 So.2d 877 (Ala.1979); Johnston v. State, 387 So.2d 891 (Ala.Crim.App.), cert. denied, 387 So.2d 905 (Ala.1980) and Williams, supra.
Having reviewed the facts of this cause, it becomes apparent that the conviction is not supported by circumstantial evidence which sustains appellant’s conviction. According to the facts, the only evidence which connects the appellant to this crime is that he was known to fly the airplane and that some of his fingerprints were found in and on the airplane. The record discloses that not one of the State’s witnesses could place the appellant at the scene; not one of the witnesses could testify as to the appellant’s having been seen or found in possession of the marijuana; the appellant was not linked to the truck in any way; no fingerprints of the appellant were found on this truck; there were a number of fingerprints found in and on the plane besides those of the appellant, some of which could not be linked to anyone and some of which were linked to the other person known to fly the airplane frequently; the airplane was shown to have belonged to someone other than the appellant, to whom the uncontroverted evidence showed the appellant had delivered the airplane early on the day of this incident. Further, the State’s fingerprint expert testified that he could not determine the age of the prints found inside the plane and that those on the outside could have been made “within a 48 hour timespan”.
The sole evidence supporting an inference of guilt was that the appellant’s fingerprints, along with those of other persons, were found on and inside the airplane, and that a radio which he had purchased and delivered to the owner of the airplane in question was found among the bales of marijuana and that he, along with other persons, was known to fly the airplane. We do not believe that a jury could find that this evidence excluded every reasonable hypothesis except that of guilt in this cause.
Upon making this determination that the evidence was legally insufficient to support the jury’s verdict, we must hold that the Double Jeopardy Clause precludes a second trial of this appellant. Burk v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Martin v. State, 461 So.2d 1340 (Ala.Crim.App.), cert. denied, 461 So.2d 1343 (Ala.1984).
For the reasons shown this cause is, hereby, reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur.