IVIcMILLAN, Judge.
The appellant, David Earl Beckwith, was treated as a youthful offender and found guilty of burglary in the third degree. He was sentenced to two years’ custody with the Department of Corrections.
The appellant argues that there was insufficient evidence to sustain his conviction of burglary. The State, in its brief, concedes that the evidence “was circumstantial and less than overwhelming,” but argues that the circumstantial evidence presented should support the appellant’s conviction.
James Garner, the owner and operator of El Palacio Restaurant, testified that on March 9, 1986, he entered the restaurant and observed “white stuff,” which later was determined to be asbestos, on the dining room floor. When he entered the office, he discovered that the safe was missing and with it approximately $3,500 in checks, credit card billings, and cash. Garner further testified that there was no evidence that the place had been broken into and apparently the perpetrator had entered and exited through the front door. He stated that the two cooks, the hostess, and the assistant managers had keys to the restaurant. However, he also indicated he had received some information in late December 1985 that other people may have made duplicate keys. Some time after December 24, he had notified the police in order to have them guard the restaurant.
Anthony McCloud testified that he worked at El Palacio beginning in January 1986. McCloud had a conversation with the appellant and another man, both of whom had been working at the restaurant in December 1985. McCloud testified that they told him of their plans to burglarize El Palacio and told him that they had stolen a key and had a duplicate made. McCloud further testified that they asked him to help them, but that he refused. The following day, McCloud testified, he told Jackie Crittenden, another employee at El Pala-cio, about the conversation that he had had with the appellant and the other man. Crittenden testified that he informed Pat Seymore, the manager of El Palacio, about the appellant’s intentions to burglarize the restaurant. He further testified that he so informed Seymore back in December 1985.
Barry Crittenden, one of the cooks at El Palacio, testified that he loaned his car keys to Kendall Clark and that the key to El Palacio was on the same key ring. He further testified that he had never loaned his keys to anyone else.
Pat Seymore testified that Jackie Critten-den informed her that someone had a key to the restaurant and was planning on burglarizing it. She further stated that Crit-tenden would not tell her who was planning the burglary, because he was afraid. She then telephoned the police, who guarded the restaurant for a weekend in December. No burglaries were attempted that weekend. She further testified that Anthony McCloud told her that the appellant and his accomplice had stolen a key while Kendall Clark had Barry Crittenden’s key ring. Seymore testified that Kendall Clark had moved to Indianapolis.
George Szepk, an investigator for the City of Ozark, Alabama, testified that he investigated the scene of the burglary in question and, in so doing, searched an automobile belonging to Kendall Clark. He testified that he found nothing “that could be of use;” however, he said, there was “some white hard stuff” in the trunk but it was not used for comparison purposes because the Police Department did not have the safe. Szepk, when asked if the materi *1062 al appeared to be the same material as that found on the floor of the restaurant, indicated that he did not know. He further testified that the appellant was living with Kendall Clark at that time and often used his automobile.
The appellant took the stand and testified that he never had a key to the restaurant and denied ever having a conversation with Anthony McCloud about planning a burglary. He further testified he was fired from his job from El Palacio in January 1986 and had not returned.
The testimony of the appellant, as well as that of two defense witnesses, established a defense of alibi.
The record indicates that the safe was later found in a body of water. Apparently, no fingerprints or other evidence implicating the appellant was procured from the safe.
Essentially, the only evidence produced by the State which connects the appellant with the offense is an alleged conversation between Anthony McCloud, the appellant, and another man over two months before the burglary. There was no evidence that any of the stolen property was found on the appellant or in connection with the appellant, nor was there any evidence indicating that the appellant had been inside the restaurant. According to § 13A-7-7, Code of Alabama (1975), as amended in 1981, “a person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” While the crime of burglary may be proved by circumstantial evidence, where such circumstantial evidence presents a jury question, McConnell v. State, 429 So.2d 662, 665 (Ala.Cr.App.1983), the circumstantial evidence presented by the State in the case sub judice fails to sustain the appellant’s conviction.
“The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires.”
Ex parte Acree, 63 Ala. 234, 234 (1879). See also Weeks v. State, 428 So.2d 193, 196 (Ala.Cr.App.1983).
The Alabama Supreme Court determined in Ex parte Williams, 468 So.2d 99 (Ala.1985), that the State produced insufficient circumstantial evidence to sustain the appellant’s conviction of third degree burglary. The State, in Williams, produced no evidence placing the appellant at or near the scene on the night of the burglary and no connecting evidence was adduced by way of a search of the appellant’s premises. The only evidence to support an inference of guilt in Williams, was that the appellant’s fingerprints, as well as fingerprints from other individuals, were found on some of the stolen merchandise.
“ ‘While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. [Citations omitted.] A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. [Citation omitted.] While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt [citation omitted], mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. [Citations omitted.].
An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. [Citations omitted.] It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. [Citations omitted.] A supposition is a conjecture based *1063 on the possibility or probability that a thing could have or may have occurred without proof that it did occur.’ ”
Ex parte Williams, supra, at 101, quoting Weathers v. State, 439 So.2d 1311 (Ala.Cr.App.1983), and Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978).
The evidence presented does not exclude every reasonable hypothesis except that of guilt. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). Nor do we believe that a jury could so determine. Ex parte Williams, supra, at 102. The conviction must be reversed and a judgment rendered for the defendant.
REVERSED AND RENDERED.
All the Judges concur.