AVISE, Judge.
 

 The appellant, Timothy Jones, was convicted of one count of conspiracy to commit robbery in the first degree, a violation of § 13A-4-3 and § 13A-8-41, Ala.Code 1975. He was sentenced as an habitual offender to life imprisonment without the possibility of parole.
 

 The evidence established the following. On November 23, 2005, at approximately 9:00 a.m., an Elmore County resident telephoned emergency 911 to report that she had observed three black males “passing a gun” around inside a vehicle, which she described. Law-enforcement officers on patrol were immediately advised of the suspicious situation.
 

 Within minutes, Millbrook police officers conducted a traffic stop of a vehicle that matched the description provided by the 911 caller. Three black males were in the vehicle: Peter McWilliams was the driver, Gary Scott was in the front passenger seat, and Jones was in the rear passenger seat. One of the officers who performed the traffic stop testified that as he approached the vehicle, he observed Jones making furtive movements in the rear of the vehicle, as if he was trying to hide something. The officers asked for consent to search the vehicle, and the occupants consented.
 

 During their search, the officers discovered a small door behind the armrest in the backseat from which a backseat passenger could gain access to the trunk. Upon opening the small door, officers found a rubber boot. The boot contained two loaded pistols. A subsequent check of the serial numbers on the guns revealed that one of the guns had been reported
 
 *597
 
 stolen. In addition, the officers found two ski masks in the trunk of the vehicle.
 

 All three men were arrested and transported to the Millbrook Police Department, where they were individually interviewed. All three admitted that they had driven from Montgomery to Millbrook. Scott and McWilliams admitted that they knew that the guns were in the trunk because they had gone to get the guns before driving to Millbrook. Jones denied having any knowledge of the existence of the guns.
 

 McWilliams told police that he, Jones, and Scott had planned to commit a robbery. McWilliams said they had no particular destination in mind but were planning to spontaneously select a place or person for a robbery.
 

 Scott pleaded guilty in Elmore Circuit Court to conspiring with McWilliams and Jones to commit robbery, and he was sentenced accordingly.
 

 The record reveals that the following occurred earlier that day in Montgomery: two black males robbed an individual and threatened to shoot a witness. They fled in a vehicle driven by a third black male. An eyewitness gave a description of the vehicle, which matched the vehicle driven by McWilliams when he was stopped by the Millbrook police. Jones matched a witness’s physical description of one of the robbery suspects. The robbery victim and another witness identified Gary Scott as one of the robbers. Scott was later arrested and charged with the Montgomery robbery.
 

 I.
 

 Jones argues that the trial court erred when it denied his motion for a judgment of acquittal. Specifically, he claims that the State failed to present sufficient evidence that he had conspired to commit first-degree robbery.
 

 “In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution.
 
 Cumbo v. State,
 
 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case.
 
 Gunn v. State,
 
 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala.1980). The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty.
 
 Thomas v. State,
 
 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt.
 
 Willis v. State,
 
 447 So.2d 199 (Ala.Cr.App.1983);
 
 Thomas v. State.
 
 When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error.
 
 Young v. State,
 
 283 Ala. 676, 220 So.2d 843 (1969);
 
 Willis v. State.
 
 A verdict of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.”
 

 Breckenridge v. State,
 
 628 So.2d 1012, 1018 (Ala.Crim.App.1993).
 

 
 *598
 
 “ ‘In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.’
 
 Faircloth v. State,
 
 471 So.2d 485, 489 (Ala.Cr.App.1984), affirmed,
 
 Ex parte Faircloth,
 
 [471] So.2d 493 (Ala.1985).
 

 [[Image here]]
 

 ““‘The role of appellate courts is not to say what the facts are. Our role, ... is to judge whether the evidence is
 
 legally
 
 sufficient to allow submission of an issue for decision to the jury.”
 
 Ex parte Bankston,
 
 358 So.2d 1040, 1042 (Ala.1978). An appellate court may interfere with the jury’s verdict only where it reaches “a clear conclusion that the finding and judgment are wrong.”
 
 Kelly v. State,
 
 273 Ala. 240, 244, 139 So.2d 326 (1962). “The rule is clearly established in this State that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain the verdict, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust.”
 
 Bridges v. State,
 
 284 Ala. 412, 420, 225 So.2d 821 (1969).... A verdict on conflicting evidence is conclusive on appeal.
 
 Roberson v. State,
 
 162 Ala. 30, 50 So. 345 (1909). “[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense.”
 
 Fuller v. State,
 
 269 Ala. 312, 333, 113 So.2d 153 (1959), cert. denied,
 
 Fuller v. Alabama,
 
 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).'
 
 Granger [v. State],
 
 473 So.2d [1137,] 1139 [(Ala.Crim.App.1985) ].
 

 “... ‘Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the jury believes beyond a reasonable doubt that the accused is guilty.’
 
 White v. State,
 
 294 Ala. 265, 272, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). ‘Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct evidence provided it points to the guilt of the accused.’
 
 Cochran v. State,
 
 500 So.2d 1161, 1177 (Ala.Cr.App.1984), affirmed in pertinent part, reversed in part on other grounds,
 
 Ex parte Cochran,
 
 500 So.2d 1179 (Ala.1985).”
 

 White v. State,
 
 546 So.2d 1014, 1017 (Ala.Crim.App.1989).
 

 Section 13A-8-41, Ala.Code 1975, states:
 

 “(a) “A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 

 “(1) is armed with a deadly weapon or dangerous instrument; or
 

 “(2) causes serious physical injury to another.”
 

 Section 13A-8-43 states:
 

 “(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 

 “(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 

 
 *599
 
 “(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
 

 A person commits criminal conspiracy when “with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.” § 13A-4-3, Ala.Code 1975.
 

 “In order that the fact of a conspiracy may be established, it need not be proved by evidence of an express agreement or compact between the alleged conspirators, or by any direct evidence of any agreement or compact. It may be proved inferentially, or by circumstantial evidence. Conspiracies from their very nature are usually entered into in secret, and are consequently difficult to be reached by positive testimony, which renders it peculiarly necessary and proper to permit them to be inferred from the circumstances.”
 

 Conley v. State,
 
 354 So.2d 1172, 1177 (Ala.Crim.App.1977), quoted in C. Gamble,
 
 McElroy’s Alabama Evidence,
 
 § 195.03(2), at 947 (5th ed.1996).
 

 “It is well settled that a conspiracy need not be proved by direct and positive evidence and may be proved by circumstantial evidence.
 
 Lewis [v. State,
 
 414 So.2d 135 (Ala.Crim.App.1982) ];
 
 Stinson v. State,
 
 401 So.2d 257 (Ala.Crim.App.), ce
 
 rt. denied,
 
 401 So.2d 262 (Ala.1981). In determining whether the State presented a prima facie case, this court will consider the evidence in the light most favorable to the State.
 
 Hutcherson v. State,
 
 441 So.2d 1048 (Ala.Crim.App.1983);
 
 Smelcher v. State,
 
 385 So.2d 653 (Ala.Crim.App.1980).”
 

 Salter v. State,
 
 578 So.2d 1092, 1094 (Ala.Crim.App.1990).
 

 Here, the State presented a prima facie case of the existence of a conspiracy between Jones and his two co-conspirators. The statements of McWilliams and Scott and the circumstantial evidence links Jones to the conspiracy. Based on the evidence presented, the jury could have reasonably found that Jones participated in the robbery at gunpoint in Montgomery and then went to Millbrook, where he was found with suspects described by eyewitnesses from the previous robbery. Jones was in an automobile that fit the description of the automobile identified in the Montgomery robbery. Pursuant to a consent search during a routine traffic stop, law-enforcement officers discovered two guns and ski masks in the trunk of the car. McWilliams and Scott admitted that they knew about the guns and they both admitted that they had conspired with Jones to commit the robbery. Thus, there was sufficient evidence to sustain Jones’s conviction and the trial court did not err in its denial of Jones’s motion for judgment of acquittal.
 

 II.
 

 Jones also argues that the trial court erred when it sentenced him to life imprisonment without the possibility of parole. The State requests that we remand this case to the trial court for Jones to be resentenced in accordance with § 13A-5-9, Ala.Code 1975.
 

 Conspiracy to commit first-degree robbery is a Class B felony. The range of punishment for a defendant convicted of a Class B felony having been previously convicted of any three felonies is life imprisonment or any term not less than 20 years. § 13A-5-9(c)(2), Ala.Code 1975.
 

 At the sentencing hearing in the instant case the trial court found that Jones had
 
 *600
 
 three prior felony convictions and sentenced Jones to life imprisonment without the possibility of parole. Thus, Jones’s sentence falls outside the range prescribed in § 13A-5-9, Ala.Code 1975. Therefore, we must remand this case to the trial court for sentencing pursuant to § 13A-5-9, Ala. Code 1975, which provides for a punishment of imprisonment “for life or any term of not less than 20 years.”
 

 Accordingly, this case is remanded for proper sentencing consistent with this opinion. Remand should be made to this Court within 49 days from release of this opinion.
 

 AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.
 
 *
 

 BASCHAB, P.J., and McMILLAN and WELCH, JJ., concur. SHAW, J., concurs in the result.
 

 *
 

 Note from the reporter of decisions: On April 24, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 22, 2009, that court denied rehearing, without opinion. On August 14, 2009, the Supreme Court denied certiorari review, without opinion (1081169).