MURDOCK, Justice.
Jermaine Lavar Parker was convicted of conspiracy to commit a controlled-sub *1093 stance crime (the unlawful distribution of cocaine), a violation of Ala.Code 1975, § 13A-12-204, and of obstructing governmental operations, a violation of Ala.Code 1975, § 13A-10-2. This Court granted certiorari review to consider whether the decision of the Alabama Court of Criminal Appeals, affirming the convictions by an unpublished memorandum, conflicts with Ex parte Williams, 468 So.2d 99, 101 (Ala.1985), overruled on other grounds, Ex parte Carter, 889 So.2d 528 (Ala.2004), regarding the sufficiency of the evidence to support Parker’s conviction for conspiracy to commit a controlled-substance crime. Parker v. State (No. CR-10-0833, Dec. 16, 2011), 120 So.3d 1242 (Ala.Crim.App.2011) (table). This Court denied certiorari review as to Parker’s conviction for obstructing governmental operations.

Facts

The evidence at trial showed the following. On December 16, 2008, Officers Blake Dean and Tony Shivers of the Huntsville Police Department were dispatched to investigate two suspicious vehicles parked near each other behind a LongHorn Steakhouse restaurant; one of the vehicles was a white Nissan Maxima. Although only one of the vehicles was occupied, the engines in both vehicles were running. Officer Dean and Officer Shivers approached the white Maxima (belonging to Parker’s wife) and saw Parker in the driver’s seat and a man later identified as Terrence Corbett in the passenger’s seat. Officer Dean testified that, as he and Officer Shivers approached the vehicle, Parker began “[r]eaching down and around [and] across” in the car. Officer Dean testified that he opened the driver’s door and told Parker to get out of the vehicle. However, according to Officer Dean, Parker “immediately yelled, no, and slammed the door, almost slamming [Officer Dean’s] right hand in the door.” Officer Dean stated that Parker continued to reach around between the seat and the center console. Officer Dean then drew his weapon and ordered Parker out of the car, and Parker complied. Once Parker was out of the vehicle, Officer Dean placed him under arrest for obstructing governmental operations.
The officers saw money in Parker’s car in bundles of $100 each. The money, which totaled $2,115, was located in several areas in the car, including the driver’s seat, the floorboard, and the center console. Subsequently, police searched Cor-bett’s vehicle and found in the backseat area a bag containing seven smaller bags, three of which contained cocaine and four of which contained marijuana. The officers also found a set of digital scales with these bags.
A short time after Parker’s arrest, Officer Gary Trampas and a trained police dog arrived at the scene. The dog exhibited an “odor response” at the driver’s seat of Parker’s car and in the backseat of Cor-bett’s car where the drugs had been recovered.[1] With respect to both vehicles, the dog did not exhibit the “odor indication” that signifies that he had actually found drugs. Police did not find any drugs in Parker’s car or on Parker’s person and did not find any drug paraphernalia, weapons, scales, or records or notations of drug transactions.
Officer Jimmy Anderson, a narcotics agent with the Huntsville Police Department, testified that he responded to the scene of the arrest and saw the cocaine *1094 and marijuana that had been seized from Corbett’s car: approximately 7 grams of cocaine and approximately 21 grams of marijuana. Officer Anderson testified (1) that he considered the amount of cocaine found to be a “distribution amount,” (2) that the street value of the cocaine would be between $200 and $400, and (3) that the street value of the marijuana would be between $300 and $700. Officer Anderson testified that the value of the drugs was clearly less than the $2,115 found in Parker’s car.
Officer Shivers testified that Corbett told him during the incident that he and Parker “were talking” when the officers approached the vehicle. No other evidence of any statement by Parker or Cor-bett was presented during the State’s case.[2]

Standard of Review

In Ex parte Mauricio, 523 So.2d 87, 91 (Ala.1987), this Court discussed the test for reviewing the sufficiency of the evidence in a criminal case:
“ ‘In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably] find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude....’”
Id. (quoting Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978)).

Legal Analysis

Parker was convicted of violating § 13A-12-204, which provides, in pertinent part: “(a) A person is guilty of criminal conspiracy to commit a controlled substance crime if he engages in the conduct defined in Section 13A-4-3(a), and the object of the conspiracy is a controlled substance crime.” Section 13A-4-3(a), Ala. Code 1975, provides:
“A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.”
The controlled-substance crime that was the object of the alleged conspiracy was the distribution of cocaine in violation of Ala.Code 1975, § 13A-12-211, which states: “A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V.” The Court of Criminal Appeals has held that “[s]ection 13A-12-211 does not include ‘purchasing’ or ‘receiving’ a controlled substance in its proscribed activities.” Tyler v. State, 587 So.2d 1238, 1242 (Ala.Crim.App.1991).
Parker’s indictment specifically alleged that Parker “agree[d] with ... Corbett to sell cocaine to [Corbett],” and that Parker “did an overt act to effect an object of the agreement, to wit; meet with [Corbett] in *1095 the parking lot of Longhorn Steakhouse to sell him cocaine.” Parker’s indictment did not allege that Parker agreed to buy cocaine from Corbett, and it did not allege that the conspiracy involved the sale or distribution of marijuana.[3]
Thus, to convict Parker, the State was required to prove beyond a reasonable doubt (1) that Parker agreed with Corbett, (2)to sell or distribute cocaine to Corbett, and (3) that Parker or Corbett did an overt act in support of the conspiracy.
This Court granted certiorari review to consider whether the decision of the Court of Criminal Appeals in its unpublished memorandum conflicts with Williams, which held:
“ ‘While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence.’ ”
Williams, 468 So.2d at 101 (quoting Thomas v. State, 363 So.2d 1020, 1022 (Ala.Crim.App.1978) (emphasis added; citations omitted)).
A conspiracy need not be proven by direct and positive evidence but may be proven by circumstantial evidence. Jones v. State, 27 So.3d 595, 599 (Ala.Crim.App. 2008). Conviction may not be based, however, on “mere speculation, conjecture, or surmise.” Williams, 468 So.2d at 101. As this Court stated in Mauricio, where a conviction depends on circumstantial evidence, that “[cjircumstantial evidence must not only be consistent with guilt, but must also be inconsistent with any rational hypothesis of innocence.” 523 So.2d at 93. See also Jones v. State, 90 Ala. 628, 630, 8 So. 383, 384 (1890) (“If the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant’s guilt is left in uncertainty, or dependent upon conjecture , or probabilities, the court should instruct the jury to acquit.”); Ex parte Smiley, 655 So.2d 1091, 1094 (Ala.1995).
The State presented the testimony of four police officers as to what they saw and heard at the crime scene.[4] The State presented no direct evidence that Parker had' ever sold drugs and no direct testimony as to what Parker and Corbett were doing in the vehicles on the night they were arrested, other than Corbett’s statement to Officer Shiver that they “were talking.” The evidence, in the light most favorable to the State, shows: (1) that the police found marijuana, cocaine, and a digital scale in a bag on the backseat of Cor-bett’s vehicle (but no evidence linking those drugs to Parker); (2) that there was $2,115 in cash in Parker’s vehicle, arranged in bundles of $100 and placed in several locations in the front seat area of the vehicle; (3) that the police dog exhibited an odor response in Parker’s car (but that no drugs were found in Parker’s car *1096 or on his person); and (4) that Parker reacted angrily and suspiciously when the police arrived.
This evidence does not link Parker to the particular drugs in Corbett’s car, except through surmise, speculation, and conjecture. No drugs or other items commonly associated with the sale of illegal drugs were found in Parker’s car or on his person. The drugs found were found in Corbett’s car, and nothing links those drugs to Parker (the State did not present any evidence of Parker’s fingerprints on the drugs found in Corbett’s car or any explanation for the absence of the same). It is suspicious that Parker had $2,115 in $100 bundles scattered about the inside of his car. The possession of this money may well suggest some sort of drug-related transaction by Parker at some point. It does not, however, provide sufficient evidence from which a jury could conclude beyond a reasonable doubt that Parker had a connection to the particular drugs found in Corbett’s car.
Even if we were to assume, however, that the presence of the money in Parker’s car was a sufficient basis for a jury to find beyond a reasonable doubt that Parker had a connection to the particular drugs found in Corbett’s car, the State still did not prove that Parker committed the crime charged — conspiracy to sell cocaine. See Ex parte Washington, 448 So.2d 404, 407 (Ala.1984) (“The person accused of a crime is required at trial to answer only the specific charge contained in the indictment.”). The evidence is consistent with each of several hypotheses: the State’s hypothesis that Parker had already sold the cocaine to Corbett and Corbett had already paid him; the hypothesis that Parker was about to buy drugs from Corbett (a crime not alleged in the indictment);[5] and the hypothesis that the drugs were Corbett’s and had nothing at all to do with Parker. The speculative nature of the evidence in this case is illustrated by the uncertainty expressed in the Court of Criminal Appeals’ unpublished memorandum: “A jury could have determined that Corbett and Parker had exchanged [which would mean that Parker was the seller], or were about to exchange [which would make Parker the buyer] money for the cocaine.” (Emphasis added.) As it is, we are left to guess as to what, if anything, had happened or was about to happen.
The degree to which this case is based on speculation and conjecture is further illustrated by the following passage from the Court of Criminal Appeals’ unpublished memorandum:
“Parker points out in his brief that the amount of money found in the car exceeded the estimated street value of the drugs seized from Corbett’s vehicle. However, there was also testimony from Officer Anderson that, based on his experience in investigating drug deals, the extra money could have been a debt from a previous transaction.”
(Emphasis added.)
“ ‘[A] prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if *1097 they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires
Williams, 468 So.2d at 101 (quoting Ex parte Acree, 63 Ala. 234 (1879)). This standard has not been met in this case.

Conclusion

Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals affirming the conviction of the charge of conspiracy and remand the case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, MAIN, WISE, and BRYAN, JJ., concur.

. Officer Trampas testified that the dog was trained to detect several common drugs, including both cocaine and marijuana. Because no drugs were found in Parker's car, it cannot be determined to what drug, if any, the dog was responding when he exhibited a response to Parker’s car.

. Corbett testified for the defense that he worked as a cook at the LongHorn Steakhouse restaurant where the arrest occurred. He and Parker were former teammates on a high school football team but had not seen each other for some time. When Parker visited the restaurant on the night of the arrest, Corbett suggested that they visit after his shift ended. Corbett also testified that he had sold drugs, but he declined to name his supplier, other than to say that it was not Parker. Corbett testified that Parker had no connection to the drugs in Corbett’s car.

. The jury instructions required the State to prove that Parker "did in his own person or through the direction of another, sell, furnish, give away, deliver or distribute a controlled substance, namely cocaine.”

. The State also presented forensic evidence establishing that the drugs seized from Cor-bett's car were cocaine and marijuana and evidence of Corbett’s guilty plea to the offense of possession of marijuana arising out of this incident.

. We note that Corbett was the person with the scales, a fact that is at least consistent with the notion that Corbett was a seller. Further, the State presented no evidence of fingerprints or other direct evidence that Parker had ever had possession of the bags found in Corbett's car or that Corbett had ever had possession of the money found in Parker's car.