56 So.2d 368

## ROYALS v. STATE.

4 Div. 642.

Supreme Court of Alabama.

March 22, 1951.

Rehearing Granted April 25, 1951.

Affirmed Nov. 15, 1951.

E. C. Boswell, of Geneva, for petitioner.

Si Garrett, Atty. Gen., opposed.

LIVINGSTON, Chief Justice.

In its opinion on rehearing the Court of Appeals states that: "The identity of the accused as the perpetrator of the offense is a part and parcel of the corpus delicti of every offense." This statement is not a correct statement of the law, as is shown by the authorities cited by the Court of Appeals. The statement is a correct statement relative to the proof of the offense charged but not as to the proof of the corpus delicti.

The above statement is mere dictum and, in our opinion, in no way affects the soundness of the conclusions reached by the Court of Appeals. The writ of certiorari is therefore denied.

Writ denied.

BROWN, SIMPSON and STAKELY, JJ., concur.

On Rehearing.

We granted the application for rehearing in the instant case and ordered writ of certiorari to issue to the Court of Appeals, 56 So.2d 363, to determine whether or not the Court of Appeals held in its opinion that the defendant was properly convicted on evidence from which the jury could only reasonably infer that the defendant was guilty as charged.

"The proof of the charge, in criminal causes, involves the proof of two distinct propositions: first, that the act itself was done; and, secondly, that it was done by the person charged, and by none other—in other words, proof of the corpus delicti, and of the identity of the prisoner. The ascertainment that an offense has been committed, is as essential to conviction, as that the defendant is the guilty agent.

"Both of these essential propositions are for the determination of the jury, and both must be proved beyond a reasonable doubt."

Winslow v. State, 76 Ala. 42; DeSilvey v. State, 245 Ala. 163, 16 So.2d 183.

We have made a careful study of the opinion of the Court of Appeals and are to the conclusion that the Court of Appeals did not intend to hold, and did not hold, that the defendant could be convicted on evidence from which the jury could only reasonably infer his guilt. We think that court held, in effect, that both the corpus delicti and the defendant's guilty participation must be proved by evidence which convinced the jury that the defendant was guilty beyond a reasonable doubt. So considered, the opinion of the Court of Appeals is affirmed.

Affirmed.

FOSTER, SIMPSON and GOODWYN, JJ., concur.