Horace Franklin Dunkins, Jr. was sentenced to die for "rape when the victim is intentionally killed." Code of Alabama, § 13A-5-31 (a)(3). On appeal the defendant raised three issues which he claimed entitled him to a new trial. The Court of Criminal Appeals thoroughly examined the defendant's arguments, found them to be without merit, and after independently determining that the death sentence was appropriate, affirmed his conviction and sentence.
In his petition to this court seeking a review of the decision of the Court of Criminal Appeals, Dunkins raised the same issues he had previously presented to the court below. They are:
 (1) Whether the trial court erred in denying the defendant's motion to suppress his confession because it was obtained in violation of his fifth and fourteenth amendment rights.
 (2) Whether the trial court erred in admitting the defendant's confession before the corpus delicti
had been proven by the state.
 (3) Whether the trial court erred in allowing a challenge for cause of a prospective juror.
In its opinion, Dunkins v. State, 437 So.2d 1349 (Ala.Cr.App. 1983), the Court of Criminal Appeals addressed each issue in detail, including the aggravating and mitigating circumstances, and we are of the opinion that it decided the issues correctly.
We do, however, wish to expand on that opinion regarding the petitioner's claim that his confession was obtained in violation of the fifth and fourteenth amendments. There are crucial factual distinctions between this case and Edwards v.Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which the defendant cited as controlling. In both cases the defendants indicated during their initial questioning a desire to have an attorney present, whereupon questioning relating to the offense ceased. In Edwards the defendant remained in custody. The next morning when the guard came to his cell to *Page 1358 
take him to be questioned again he told the guard "that he did not want to talk to anyone." The guard replied that "he had" to talk and took him to meet with detectives. During the meeting the defendant gave the confession in question. In this case Dunkins was released after the initial questioning. While he was being returned to his place of employment he volunteered to take a polygraph test. After taking the test, he told the police that "he would be willing to talk" and told them when he would be home that evening. Deputy House telephoned Dunkins that afternoon and Dunkins agreed to go to city hall and talk with House. After being informed that his co-defendant had implicated him, he indicated a desire to tell "his side of the story." Dunkins was not only read his Miranda rights, but was asked by House who he wanted present during the interview, to which Dunkins replied that he wanted Deputies House and Johnson present.
Edwards prohibits the police from further interrogation with respect to the offense after the accused requests that an attorney be present, "unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards, supra at 484-485, 101 S.Ct. at 1884-1885. Unlike Edwards, who, while still in custody, was told "he had" to talk to the police, Dunkins, after being released, volunteered to take a polygraph test and to make himself available for questioning. In light of the evidence that Dunkins volunteered to be questioned, made an oral and written waiver of his constitutional rights, and specified who he wanted present when he made the statement, we cannot agree that his motion to suppress the confession should have been granted.
Without reiterating those facts leading us to the conclusion that the offense was particularly nefarious, we also agree with the finding of the courts below that the evidence overwhelmingly supported the conclusion that the crime was "especially heinous, atrocious, or cruel," Code of Alabama, § 13A-5-35 (8) (1975), and that the aggravating circumstances outweighed any mitigating factors.
Having considered the petition, the briefs, and the opinion of the Court of Criminal Appeals, we are of the opinion that the judgment of the Court of Criminal Appeals, which upheld Dunkins's conviction and death sentence, is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.