BEATTY, Justice.
Certiorari was granted in this case under Rule 39(c)(4), A.R.App.P. Specifically, the question to be resolved is whether the finding of the Court of Criminal Appeals respecting the lack of circumstantial evidence of guilt is consistent with prior decisions on that subject. Upon review, we hold that the finding is not consistent; therefore, we reverse and remand the cause to that court.
A recitation of all the evidence on the defendant’s connection with or participation in the charged offenses of third degree burglary and first degree theft of property is unnecessary. The opinion of the Court of Criminal Appeals, 538 So.2d 37, recites relevant evidence on our particular inquiry. Deborah Ward, the wife of one of the burglars, “Squirrel” Ward, testified at trial that her husband telephoned the petitioner from their home in her presence; that the petitioner came to their home a short time later and then left the house in the company of “Squirrel” Ward and the other burglar, “Pudgey” Mahaffey, both of whom confessed to the burglary; that after an hour or two the three men returned and sat at the dining room table counting and dividing a large sum of money in bills; and that this occurred on the night the Hudson Oil Company was burglarized.
Mrs. Ward also testified that she gave a statement conflicting with her testimony because of threats made by petitioner upon her life if she should testify against him. See Haisten v. State, 50 Ala.App. 504, 280 So.2d 209 (1973) (threat of harm an implied admission of guilt).
We respectfully disagree with the Court of Criminal Appeals, which found this case *44 to be analogous to Ex parte Williams, 468 So.2d 99 (Ala.1985), in which an absence of circumstantial evidence was found. We find this case to be more closely related to Hall v. State, 488 So.2d 1386 (Ala.Crim.App.1986) (proximity to scene of burglary at or near time thereof and fingerprints on window sufficient circumstantial evidence to furnish reasonable hypothesis), and Dolvin v. State, 391 So.2d 666 (Ala.Crim.App.1979), affirmed, 391 So.2d 677 (Ala.1980), (proximity to scene of crime at or near time of commission and failure to prove alleged alibi were circumstances to be weighed by jury). Thus, we find that the circumstantial evidence adduced was sufficient upon which to furnish a reasonable hypothesis of guilt. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES, ADAMS and STEAGALL, JJ., concur.