AFTER REMAND FROM ALABAMA SUPREME COURT
McMILLAN, Judge.
This cause was remanded to this court; see Patterson v. State, 538 So.2d 43 (Ala.1988), in which the Alabama Supreme Court determined that there was sufficient circumstantial evidence to support a reasonable hypothesis of guilt. Therefore, the remaining issues are due to be reviewed.
I
The appellant argues that there was insufficient corroboration of the co-defendant’s testimony to support a conviction. *45 The appellant contends that the only possible corroboration of the affidavit of “Squirrel,” his co-defendant, was the testimony of Deborah Ward. The appellant maintains that her testimony does not sufficiently connect him with the offense. However, as noted in the Supreme Court opinion, supra, Deborah Ward testified that “Squirrel” telephoned the appellant in her presence on the night in question; that the appellant came to “Squirrel’s” home before leaving in the company of “Squirrel” and the other burglar, both of whom confessed to the burglary; and that after an hour or two the men returned and counted and divided a large sum of money.
“ ‘The test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense.’ Tarver v. State, 500 So.2d 1232 (Ala.Cr.App.1986), affirmed, 500 So.2d 1256 (Ala.1986), cert. denied, 482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987), citing, Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973) (emphasis supplied).” Garrison v. State, 520 So.2d 219 (Ala.Cr.App.1987) (wherein accomplice testimony was sufficiently corroborated by a witness who testified that, prior to the incident, he overheard a conversation in which the appellant discussed plans for a burglary). The testimony of Deborah Ward was sufficient to “tend to connect” the appellant with the offense.
II
The appellant argues that he was improperly sentenced under the Habitual Felony Offender Act because one of the two prior felony convictions introduced by the State was actually a misdemeanor conviction, rather than a felony conviction. The appellant submits, in his brief, that he is unable to secure a copy of that conviction, but he argues that he believes that the conviction was a misdemeanor and not a felony. However, the record indicates that the appellant failed to object to the prior convictions; therefore, this argument is waived. Weaver v. State, 437 So.2d 626, 627 (Ala.Cr.App.1983).
Ill
The appellant argues that the trial court erred in allowing “Squirrel” to be impeached by the State by reading his statement to him prior to his recanting it. However, the record indicates that “Squirrel” was called by the State as a hostile witness, because he had earlier made an affidavit and, on the day of trial, his version of the facts, as related to the State, was materially different. Thus, before his testimony, the State asked that “Squirrel” be determined to be a hostile witness. The trial court granted the State’s request, for the purpose of cross-examination and impeachment. Therefore, “Squirrel” was not called by the State as its own witness and the State never “vouched for” his credibility. See Wyllie v. State, 445 So.2d 958, 961 (Ala.Cr.App.1983).
“Under these circumstances, where a witness has been properly declared ‘adverse’ or ‘hostile,’ prior to examination before the jury, that witness may be treated by the calling, or presenting, party as a witness for the opposition. Anderton v. State, [390 So.2d 1083 (Ala.Cr.App.), cert. denied, 390 So.2d 1087 (Ala.1980)]. ‘This allows the party calling the adverse witness to examine the witness by use of the tools available to him on cross-examination including contradiction and impeachment.’ Anderton v. State, 390 So.2d 1083, 1086, supra; see also, Lewis v. State, [414 So.2d 135 (Ala.Cr.App.), cert. denied, 414 So.2d 140 (Ala.1982)]; Moulds v. State, 426 So.2d 942 (Ala.Cr.App.1982).”
Wyllie v. State, supra, at 961.
After calling “Squirrel,” the prosecutor established the circumstances around the making of his affidavit and then, reading the affidavit to “Squirrel,” asked if that was the statement he made to the police. “Squirrel” admitted making the statement, and the prosecutor then asked if he wished to contradict any part of that statement. *46 “Squirrel” then explained that he had made the statement because he had been threatened with a life sentence by an official who allegedly told “Squirrel” that he wanted a murder charge on the appellant and “Squirrel’s” accusation was his only method of getting the appellant back in state.
The determination of “Squirrel” as a hostile witness was within the discretion of the trial court and, under the circumstances, there was no abuse of that discretion. Lewis v. State, 414 So.2d 135 (Ala.Cr.App.), cert. denied, 414 So.2d 140 (Ala.1982). Moreover, the prosecutor’s treatment of “Squirrel” was a proper method of cross-examination. Despite the appellant’s claims that “Squirrel” should have been allowed to testify before the State impeached him with his prior statement, even if there was an error in the order of proof, the error was harmless, because “Squirrel’s” testimony was admitted during the prosecutor’s questioning and again during cross-examination by defense counsel. Cf. Knighten v. State, 402 So.2d 363, 364 (Ala.Cr.App.1981) (although proof of the corpus delicti should have been introduced before admitting the appellant’s confession, the error was harmless because such evidence was introduced thereafter, curing the error).
AFFIRMED.
All Judges concur.