The appellant, Jerry Marcus, was convicted of the murder of Wydeane Ellerbee, a violation of § 13A-6-2, Code of Alabama
1975. He was sentenced to life in prison.
The evidence tended to show that, on April 17, 1987, a badly decomposed body was found behind the Tuskegee, Alabama, house of Ruth Marcus, appellant's mother. Approximately seven months prior to this, a missing person report had been filed on Ms. Ellerbee. Several weeks after the report was filed, her car was located in Tuskegee.
In April of 1987, Dolph Bryan, a deputy in Oktibbeha County, Mississippi, was investigating a missing person report on Dorothy Davis and a complaint made by the appellant that he had been kidnapped. During the course of investigating the alleged kidnapping, Deputy Bryan obtained information which linked appellant to the disappearance of Ms. Ellerbee. After being advised of his Miranda rights, appellant made an incriminating statement concerning the present case. This statement led to the discovery of a body, behind his mother's house in Tuskegee. Appellant had drawn a map to show the exact location of the body. The map showed a grave with the word Ellerbee next to it.
Dr. Harold Vance, a dentist, stated that Wydeane Ellerbee had been a patient of his since 1980. He had extracted a tooth in 1980 and five years later had put a temporary filling on the number five upper bicuspid. After examining the skull of the deceased, Dr. Vance stated that the filling on the number five upper bicuspid was his work. The tooth in the same position as *Page 344 
that tooth removed from Ellerbee's mouth was also missing from the deceased.
Dr. Lauridson, a medical examiner, testified that the human remains were those of a black female. He also stated that death resulted from asphyxial strangulation.
A pair of black pants was also found near the body. They were identified as belonging to Ms. Ellerbee.
A statement made by the appellant was also introduced into evidence. In the statement, appellant stated that he strangled Ms. Ellerbee over a debt that she owed him.
 I
Appellant first contends that the trial court erred in receiving into evidence an oral statement he made to law enforcement officials. Specifically, he argues that the State failed to disclose this statement pursuant to Rule 18.1, A.R.Crim.P., and the trial court's discovery order.
Our examination of the record reveals that in November 1988 defense counsel filed a discovery motion with the trial court seeking discovery of "all discoverable materials." On August 14, 1989, the trial court entered a discovery order instructing the State to provide defense counsel with "everything discoverable pursuant to Rule 18 of the Alabama Rules of Criminal Procedure." There is nothing more in the record, or, for that matter, in appellant's brief, which indicates that the State failed to comply with the trial court's discovery order. We are simply unable to determine from the record before us whether there was a violation of the trial court's discovery order. A reviewing court cannot predicate error on matters not shown by the record. Robinson v. State, 444 So.2d 884, 885
(Ala. 1983).
Moreover, during the testimony concerning appellant's oral statement, no objection was made to that testimony. Matters not objected to at trial, including constitutional rights and matters resulting in "ineradicable harm," cannot be considered for the first time on appeal, since appellate review is limited to matters on which rulings are invoked at trial. Calhoun v.State, 530 So.2d 259, 262 (Ala.Cr.App. 1988). Thus, there is nothing for this court to review.
The remainder of appellant's argument regarding this issue contends that the trial court erred in receiving into evidence State's exhibit # 3, the document signed by appellant indicating that he had been advised of hisMiranda[1] rights, when he had not been provided a copy of that document pursuant to the trial court's discovery order.
At the time this document was offered into evidence, defense counsel's only objection was a general objection based on his continuing objection as to the State's failure to prove the corpus delicti prior to a confession being received into evidence. No objection was made concerning the State's violation of a discovery order. "[S]pecific objections are necessary to preserve error. Further, it is well settled that all grounds of objection not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial." Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App. 1984) (citations omitted).
 II
Appellant next contends that the trial court erred in allowing his confession to be received into evidence prior to establishing the corpus delicti of the offense charged.
"The traditional rule in Alabama is that a defendant's confession may not be admitted into evidence until proof of the corpus delicti has been established by evidence independent of the confession." Tice v. State, 386 So.2d 1180, 1185
(Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala. 1980). However, the corpus delicti may be proven by circumstantial as well as by direct evidence Green v. State, 56 Ala. App. 229,320 So.2d 742, 747 (1975); Zeigler v. State, 52 Ala. App. 501,294 So.2d 468, 470 (1973), cert. quashed 292 Ala. 762,294 So.2d 471 (1974). See also C. Gamble, McElroy's *Page 345 Alabama Evidence, § 200.13 (3d ed. 1977). "Where the circumstantial evidence presented supports a reasonable inference that a crime has been committed, a voluntary confession of the crime may be introduced into evidence."Taylor v. State, 276 Ala. 232, 160 So.2d 641, 645 (1964). Seealso Bracewell v. State, 506 So.2d 354, 360 (Ala.Cr.App. 1986).
At the time appellant's confession was received into evidence, the following evidence had been presented:
A missing person report on Wydeane Ellerbee was filed on September 16, 1986, in Tuskegee. Several weeks later her car was found abandoned on Massey Street in Tuskegee. In September 1986, appellant was in Tuskegee visiting his mother. As a result of information supplied by appellant to Deputy Sheriff Bryan, a body was found in a shallow grave behind the house belonging to appellant's mother. Clearly, sufficient evidence of the corpus delicti existed prior to admission of appellant's confession that he killed Ms. Ellerbee over a debt she owed him.
Moreover, even if sufficient evidence of the corpus delicti was not presented prior to admission of the confession, no reversible error exists because additional evidence of the corpus delicti was presented subsequent to appellant's confession being received into evidence. As this court has previously held: "[I]f the defendant's confessions were inadmissible when offered because of the failure of proof of the corpus delicti, the error was cured by the subsequent proof of the corpus delicti." Corbin v. State, 412 So.2d 299, 301
(Ala.Cr.App. 1982). See also Dunkins v. State, 437 So.2d 1349,1354 (Ala.Cr.App.), aff'd, 437 So.2d 1356 (Ala. 1983), cert.denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). As the corpus delicti was sufficiently proven, which will be more fully discussed in Part III of this opinion, no error occurred in the admission of appellant's confession into evidence.
 III
Appellant further contends that the State failed to prove the corpus delicti. He argues that the testimony of Dr. Vance was not sufficient to prove that the body found was that of Wydeane Ellerbee.
Dr. Vance testified that the skull recovered was missing a tooth corresponding in position to the one he had extracted from Wydeane Ellerbee in 1980. He also stated that the skull contained a filling on the tooth corresponding to the tooth that he had filled for Ms. Ellerbee. Dr. Vance said that the filling was his work. The skull also had a partial plate which he had done for Ms. Ellerbee. Ms. Ellerbee was last seen on September 12, 1986. That same day, Debra Foster, a friend of Ms. Ellerbee's, saw Ms. Ellerbee wearing black pants. Ms. Foster identified black pants found next to the grave as belonging to Ms. Ellerbee. Appellant was taken into custody in Mississippi and he made a statement which resulted in the location of Ms. Ellerbee's body behind his mother's house. Appellant confessed to strangling her over a debt she owed him. The medical examiner also stated that the skeleton belonged to a black female whose death was caused by asphyxial strangulation. "[W]here there are facts introduced from which inferences of guilt may be legally drawn, it is a question for the jury as to whether the corpus delicti has been proved."Zeigler v. State, supra, 52 Ala. App. at 504, 294 So.2d at 470. The case was submitted to the jury, which found the appellant guilty. We see no reason to disturb that verdict.
For the foregoing reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). *Page 346