BOWEN, Presiding Judge.
Brian Pearce Green, the appellant, was convicted for the unlawful possession of marijuana in the second degree and was sentenced to 12 months in the county jail. He raises five issues on this appeal from that conviction.
I.
We find no merit to the appellant’s argument that the trial court erred in instructing the jury on principles of “constructive possession” when the State’s theory of the case and the evidence indicated actual possession. Those instructions were contained in the following written charges requested by the State:
“I charge you, members of the jury, that, if presence at the time and place a crime is committed, in conjunction with other facts and circumstances, tends to connect the accused with the commission of the crime, then you, as the jury, may find the defendant guilty.”
“I charge you, members of the jury, that where other circumstantial evidence is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilty on such charge.”
CR. 15 and 16. These principles are taken from the case of Finch v. State, 553 So.2d 685, 687 (Ala.Cr.App.1989).
Marijuana and crack cocaine were discovered on the floorboard of the truck the appellant was driving. In the truck with the appellant were James Harvey Thompson and Nicki Jenkins. At trial, Jenkins testified that Thompson had actual possession of the cocaine and the appellant had actual possession of the marijuana immediately before the truck was stopped by the police, that the two men had smoked cocaine and marijuana earlier in the evening, and that it appeared to her that they were “sharing their drugs.” R. 107.
The appellant was charged with the possession of cocaine and marijuana. There was no evidence that the appellant had any cocaine on his person other than the time he was actually smoking crack cocaine. Although there was testimony that the appellant had the marijuana in his possession immediately before he was apprehended by the police, no marijuana (or cocaine) was discovered on the appellant’s person. Because the police did not discover any cocaine or marijuana on the appellant’s person, any possession by the appellant of the cocaine and marijuana found in the truck would have been “constructive.”
The State may use both direct and circumstantial evidence in proving its case. “It is ... well established that the corpus delicti may be proved by circumstantial as well as direct and positive evidence.” Zeigler v. State, 52 Ala.App. 501, 504, 294 So.2d 468, 470 (1973), cert. quashed, 292 Ala. 762, 294 So.2d 471 (1974). The unlawful possession of drugs may be proved by circumstantial evidence. Daniels v. State, 49 Ala. *391 App. 654, 657, 275 So.2d 169, 172 (1973). “Possession of illegal drugs is susceptible of joint commission.” Channell v. State, 477 So.2d 522, 529 (Ala.Cr.App.1985). Here, there was both direct and circumstantial evidence connecting the appellant to the possession of the controlled substances. The trial court properly instructed the jury as requested by the State.
II.
Because the trial court did not err in initially giving the jury the two instructions requested by the State, it did not commit error in repeating those two instructions in responding to the jury’s request for a “legal definition of possession.” R. 381.
III.
Shortly after receiving instructions in response to its first question, the jury returned with a second question. That question involved “the different degrees of possession of marijuana.” R. 385. In responding to that question, the trial court briefly defined the offenses of first and second degree possession of marijuana. Then, on its own, the trial court erroneously instructed the jury that the burden of proof was on the appellant to prove that the possession was for personal use only. R. 387. See Watley v. State, 568 So.2d 852, 856 (Ala.Cr.App.1989) (“[i]n a prosecution for first degree possession of marihuana, the accused does not have any burden to convince the jury, as under prior law, that his possession was for personal use only”), cert. quashed, 568 So.2d 857 (Ala.1990). However, the appellant did not object at trial on this ground and has not raised this issue on appeal. Instead, he argued at trial and argues in this appeal that the trial court’s instruction went beyond the jury’s question.
Initially, we note that “[a] trial court ‘is not confined strictly to the point presented by the jury, but may in its discretion go beyond such point, provided the jury are not thereby misled to the prejudice of the accused.’ ” Bell v. State, 473 So.2d 622, 624 (Ala.Cr.App.1985); Deutcsh v. State, 610 So.2d 1212 (Ala.Cr.App.1992).
Here, the error in instructing the jury on the appellant’s burden of proof in connection with possession of marijuana in the first degree was harmless because the jury found the appellant guilty only of possession of marijuana in the second degree. For this same reason, any potential error in the giving of additional instructions not specifically requested by the jury was also harmless. A defendant “[canjnot complain of instructions relative to one offense where the verdict of the jury is for a lesser offense.” Hutcherson v. State, 441 So.2d 1048, 1051 (Ala.Cr.App.1983).
IV.
The appellant’s argument that the police had no probable cause to stop and search the truck he was driving is without merit.
The evidence shows that at approximately 2:30 on the morning of May 19, 1991, Rainbow City Police Officer Gary En-trekin “received a page” from a confidential informant who had given him reliable information in the past. R. 6. The informant had given him information in “eight or ten, maybe twelve” cases which led to arrests and convictions. R. 11. Officer Entrekin telephoned the informant from his mobile car telephone and was informed that the appellant and James Thompson were in Thompson’s truck on Broad Street, that the informant had “just got through talking with them, and they ... asked him if they [sic] wanted to buy some crack cocaine. And he [informant] said he saw the crack cocaine, and said ... they were riding up and down Broad Street at that time.” R. 6. “[J]ust a few moments later”, the officer saw Thompson’s vehicle traveling on Broad Street. R. 6.
Officer Entrekin stopped the truck and asked the occupants to get out. The officer testified that “[bjefore [the appellant] stepped out, when he opened the vehicle to the, door [sic], [the officer] saw several packets, real small Ziploc bags which appeared to be crack cocaine laying in the back floorboard.” R. 7.
Here, the officer had probable cause to stop and search the truck driven by the *392 appellant based on the informant’s information. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The truck was properly searched under the automobile exception to the warrant requirement. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). See also United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
Furthermore, the cocaine was in “plain view” after the appellant opened his door in response to the officer’s lawful request. See generally Poole v. State, 596 So.2d 632, 635-37 (Ala.Cr.App.1992). “Once a police officer with reasonable suspicion has stopped a suspect in an automobile, the officer has the authority to ask the suspect to get out of the automobile.” Ex parte Carpenter, 592 So.2d 627, 631 (Ala.1991).
V.
Here, the appellant’s conviction is supported by an abundance of evidence. The State’s evidence tended to prove that the appellant and Thompson had been smoking crack cocaine and marijuana at the residence of Calvin Heard a short time before their arrest. The third passenger in the truck, Nicki Jenkins testified that when they noticed they were being followed by the police, Thompson “pulled out the crack, and, Brian [the appellant] pulled out the marijuana.” R. 105. Each man tried to give the controlled substance he possessed to the other. She also testified that Thompson and the appellant were “sharing” the drugs and that the appellant “had the marijuana in his pocket.” R. 107, 106.
We find no merit to the appellant’s argument that he was prejudiced in the submission of the cocaine charge to the jury. Here there was evidence that the appellant and Thompson had joint possession of the cocaine and the marijuana. Furthermore, as stated in Part III of this opinion, a defendant “[can]not complain of instructions relative to one offense where the verdict of the jury is for a lesser offense.” Hutcherson v. State, 441 So.2d 1048, 1051 (Ala.Cr.App.1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.