McMILLAN, Judge.
The appellant was charged with breaking and entering a motor vehicle, a violation of § 13A-8-ll(b), Code of Alabama 1975, and with theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. The trial court, after hearing ore ten-us evidence, found the appellant guilty as charged in the indictment. The appellant was sentenced to 18 months’ imprisonment.
*1212 I
The appellant contends that the trial court erred in admitting his statement into evidence because, he says, a prima facie case of breaking and entering a motor vehicle was not proven before the statement was admitted. In Marcus v. State, 568 So.2d 842, 344-45 (Ala.Cr.App.1990), this court stated:
“ ‘The traditional rule in Alabama is that a defendant’s confession may not be admitted into evidence until proof of the corpus delicti has been established by evidence independent of the confession.’ Tice v. State, 386 So.2d 1180, 1185 (Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala.1980). However, the corpus delicti may be proven by circumstantial as well as by direct evidence Green v. State, 56 Ala.App. 229, 320 So.2d 742, 747 (1975); Zeigler v. State, 52 Ala.App. 501, 294 So.2d 468, 470 (1973), cert. quashed, 292 Ala. 762, 294 So.2d 471 (1974). See also C. Gamble, McElroy’s Alabama Evidence § 200.13 (3d ed. 1977). ‘Where the circumstantial evidence presented supports a reasonable inference that a crime has been committed, a voluntary confession of the crime may be introduced into evidence.’ Taylor v. State, 276 Ala. 232, 160 So.2d 641, 645 (1964). See also Bracewell v. State, 506 So.2d 354, 360 (Ala.Cr.App.1986).”
When the appellant’s confession was received into evidence, the following evidence had been presented: Patrick McDaniel had testified that he worked with the appellant at Performance Toyota-Mazda automobile dealership during the summer of 1991. He testified that he asked the appellant to locate a car stereo for him and that he told the appellant that he would buy it from him if he found one. He testified that he had seen a Craig brand stereo system in a Volkswagen Beetle automobile located on the used ear lot and that he asked the appellant to find him one like it. McDaniel testified that the stereo system he bought from the appellant for $10 was the one that had been in the Volkswagen Beetle. McDaniel further testified that he watched the appellant remove the stereo from the vehicle.
Roger Payne, a security officer at Performance Toyota-Mazda, testified that when he was considering buying the Volkswagen, he noticed that it had a Craig brand stereo system. He testified that, when he bought the car, he noticed that the stereo was gone. Payne further testified that the appellant was not authorized by the owner of the car dealership to remove the stereo.
Because the breaking and entering of the automobile was sufficiently proven by the aforementioned circumstantial evidence, no error occurred in admitting the appellant’s statement into evidence.
II
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal made at the close of the State’s ease because, he says, the State failed to prove a prima facie case of breaking and entering a motor vehicle and theft of property in the second degree.
In Daniels v. State, 581 So.2d 536, 540 (Ala.Cr.App.1990), cert. denied, 581 So.2d 541 (Ala.1991), this court stated:
“Where a motion for judgment of acquittal is made at the close of the State’s case, the trial court has a duty to determine the sufficiency of the evidence to sustain a conviction under the indictment by considering the evidence before the jury at the time of the motion, considering the evidence in the light most favorable to the State. Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985).”
See also Sullivan v. State, 441 So.2d 130 (Ala.Cr.App.1983); Rule 20.2, AR.Cr.P.
Additionally, in State v. Terry, 601 So.2d 161, 163 (Ala.Cr.App.1992), this court held:
“This court will not reverse a trial court’s judgment based upon ore tenus testimony unless, after consideration of all of the evidence and all reasonable inferences to be drawn therefrom, it is found to be plainly and palpably wrong. Cummings v. Hill, 518 So.2d 1246 (Ala.1987). Nor may this court substitute its judgment on the effect of the evidence dealing with pivotal questions of fact for that of the trial court. [Citation omitted.]”
*1213 Section 13A-8-ll(b), Code of Alabama 1975, provides:
“(b) A person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle or any part of a vehicle with the intent to commit any felony or theft. For the purposes of this section, ‘enters’ means to intrude:
“(1) Any part of the body; or
“(2) Any physical object connected with the body.
“(3) Unlawful breaking and entering a vehicle is a Class C felony.”
With regard to the appellant’s breaking and entering charge, the evidence presented by the State included a statement of the appellant given to the police in which he admitted that, while working at Performance Toyota-Mazda, he removed a Craig brand stereo from a ear belonging to the dealership and installed it in a car which belonged to Patrick McDaniel, another Performance employee. He also admitted in the statement that McDaniel paid him $10 for installing the stereo. State’s witness Patrick McDaniel testified that the stereo he bought from the appellant was the stereo that the appellant had removed from the Volkswagen. Moreover, the State presented evidence from Roger Payne, a security officer, that the appellant was not authorized to remove the stereo.
A review of the circumstantial evidence contained in the record, along with the appellant’s statement, indicates that the trial court did not err in denying the appellant’s motion for a judgment of acquittal on the charge of breaking and entering a motor vehicle. “Circumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant’s guilt.” Ward v. State, 610 So.2d 1190, 1191 (Ala.Cr.App.1992); Ward v. State, 557 So.2d 848 (Ala.Cr.App.1990).
With regard to the appellant’s theft of property charge, we reverse the trial court’s judgment finding the appellant guilty of that offense. The pertinent portion of the indictment charging the appellant with the offense is as follows:
“The Grand Jury of said county further charge that before the finding of this indictment Steven Scott Shelton, whose name is to the Grand Jury otherwise unknown, did knowingly obtain or exert unauthorized control over one (1) cassette stereo tape player, the property of Performance Imports, Inc., a corporation doing business as Performance Toyota-Mazda, of a value of $110.00, with the intent to deprive the owner of said property, in violation of Section 13A-8-4 of the Code of Alabama.”
Section 13A-8-4(a), Code of Alabama 1975, defines theft of property in the second degree as:
“The theft of property which exceeds $250.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree.”
Section 13A-8-5(a), Code of Alabama 1975, defines theft of property in the third degree as:
“Except as provided in subsection (g) of Section 13A-8-4, the theft of property which does not exceed $250.00 in value and which is not taken from the person of another constitutes theft of property in the third degree.”
The indictment sets out the monetary value of the stolen property to be $110, which is within the statutory range of value provided in § 13A-8-5, Code of Alabama 1975, for “theft of property in the third degree.” The indictment cites a violation of § 13A-8-4, which is the statute defining theft in the second degree, and that is the statute under which the appellant was convicted; however, there was no testimony at trial establishing that the monetary value of the stolen item exceeded $250 and thereby constituted a theft in the second degree. The State proved that the appellant committed theft of property in the third degree by introducing evidence that the appellant sold the stolen stereo for $10. Coker v. State, 396 So.2d 1094 (Ala.Cr.App.1981).
*1214 Because the appellant was improperly convicted of theft of property in the second degree, and sentenced pursuant thereto, the trial court’s judgment is reversed and the cause remanded to the trial court for it to enter an order convicting the appellant of theft of property in the third degree, a violation of § 13A-8-5, Code of Alabama 1975, and to sentence him pursuant thereto.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.