BROWN, Judge.
The appellant, William Jevon Mullins, was convicted of criminal trespass in the third degree, a violation of ordinance number 9-1 of the City of Dothan, which incorporates § 13A-7-4, Code of Alabama 1975. The appellant was sentenced to 180 days’ imprisonment in the Dothan city jail. The trial court suspended the sentence and placed the appellant on unsupervised probation for two years. The trial court also ordered the appellant to pay a fine and to pay court costs.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal because, he argues, the state failed to prove a prima facie case of criminal trespass in the third degree. We agree.
The city presented evidence indicating the following. On July 11,1997, James Short, an officer with the Dothan Police Department, responded to a “domestic call” at an apartment on Johnson Circle, located in Johnson Homes, a public housing project. As Officer Short was leaving the apartment, he heard “loud music coming from a vehicle eastbound on Alabama Avenue.” (C.R.27.) The vehicle turned right onto Johnson Circle. Short *85 flagged the vehicle down. The driver of the vehicle, the appellant, immediately turned the volume of the music down, and stopped the vehicle.
Short testified that he approached the vehicle and told the appellant why he had stopped him. Short then asked the appellant for his driver’s license. Short ran a check on the appellant’s driver’s license. Short testified that “[ajfter I got my information, he was written a citation for a noise ordinance, and arrested for trespassing.” (C.R.29.) Short testified that both Alabama Avenue and Johnson Circle were public roads. (C.R.31.)
At the conclusion of the presentation of all the evidence the following occurred:
“[Defense counsel]: Judge, since the City has rested, I will make a motion for a judgment of acquittal on the criminal trespass charge. They have not shown that Mr. Mullins was not permitted to enter, to be on a public road. I mean he’s on a public road in Johnson Court. Officer testified it is a public road. Members of the public can go on a public road. Nobody testified that he was trespassing....
“Judge: What says the city with reference first of all to the Johnson Homes criminal trespass?
“City: Judge, the testimony of the officer was that the street was in Johnson Homes and that is the property of Johnson Homes. Now, we have had previous cases where this issue has come up, and it has been decided by this Court on several occasions, that the streets within Johnson Homes are property of Johnson Homes and when [persons] are banned from Johnson Homes that they have no authority to be on the street ways within Johnson Homes. There is no other property on the left or the right of Johnson Street, except Johnson Homes property. This Defendant was in Johnson Homes and he was in violation of his ban from Johnson Homes.
“[Defense counsel]: Objection, Judge, no testimony.
[[Image here]]
“Judge:.... I will confess to being again troubled by the public road/ private property dichotomy that we always get into in this situation_ But for the present time I will deny your motion.
“[Defense counsel]: Judge we have ... we’re going to rest, too, we have no evidence to offer. I’ll just point out to the Court that no one testified that my client was banned from Johnson Homes.
[[Image here]]
“City: I think that there was no testimony. We did not have someone here from HUD that said that he is banned from HUD, but just like, it’s all circumstantial evidence. If you don’t see it snowing, if you go to sleep and it’s not snoiving and you wake up the next day and there’s snow on the ground, you can conclude logically that it snowed while you were in' the house at night. And that is the testimony of this officer, that after he got his call that he was arrested for criminal trespass, because he was on HUD property.
“[Defense counsel]: In other words, they failed to adduce evidence, Judge.”
(C.R.40-41.) (Emphasis added.) The trial court found that the city had presented a prima facie ease of criminal trespass in the third degree; however, it deferred adjudication in order to allow the appellant to furnish the court with caselaw addressing whether one can be guilty of trespassing “on a public road that is part of banned property.” (C.R. 41.) The trial court also ordered the appellant to stay out of the Johnson Homes housing project.
The appellant was subsequently adjudicated guilty of criminal trespass in the third degree. There is no indication that the appellant furnished the trial court any caselaw addressing whether an individual can be guilty of trespassing on a public road when that individual has been banned from entering the property.
As noted, the appellant contends that the trial court erred in denying his motion for a judgment of acquittal. The appellant was convicted of criminal trespass in the third degree, a violation of ordinance no. 9-1, which, according to the complaint charging the appellant with the offense, incorporates *86 § 13A-7-4, Code of Alabama 1975.[1] Section 13A-7-4(a), Code of Alabama 1975, provides that “[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.” Section 13A-7-l(4), Code of Alabama 1975, provides, in relevant part:
“A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed, invited or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the o%m-er of such premises or other authorized person.”
■ (Emphasis added.)
In support of his argument that the evidence was insufficient to sustain a conviction for criminal trespass, the appellant argues that he was travelling on a public street and that there was no evidence that his privilege to be on that public road had been revoked. The city argues that there was circumstantial evidence presented that the appellant’s license to travel on the street in the area of the Johnson Homes public housing project had been revoked. Specifically, the city asserts, “[t]he clear inference is that the driver’s license information and information received from dispatch gave Officer Short [reason to believe] that the Appellant did not live in Johnson Homes and was, in fact, banned from Johnson Homes.” (Appel-lee’s brief, p. 8.)
“This Court is well aware that where ‘circumstantial evidence points to the guilt of the accused, it will support a conviction as strongly as direct evidence.’ Newsome v. State, 570 So.2d 703, 710 (Ala.Cr.App.1989). Accord, Jones v. State, 514 So.2d 1060, 1067 (Ala.Cr.App.), cert. denied, 514 So.2d 1068 (Ala.1987). However, ‘no rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused’s criminal agency in the offense charged.’ Benefield v. State, 286 Ala. 722, 724, 246 So.2d 483, 485 (1971), quoted in Crafts v. State, 439 So.2d 1323, 1325 (Ala.Cr.App.1983).”
Atwell v. State, 594 So.2d 202, 213 (Ala.Cr.App.1991), cert. denied, 594 So.2d 214 (Ala.1992).
“ ‘ “While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. [Citations omitted.] A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala.App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala.App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368 (1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. [Citations omitted.]
“ ‘ “An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. [Citations omitted.] It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. [Citations omitted.] A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. [Citation omitted.] The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur.” ’ ”
Patterson v. State, 538 So.2d 37, 42 (Ala.Cr.App.1987), conviction rev’d, 538 So.2d 43 (Ala.1988), quoting Ex parte Williams, 468 So.2d 99, 101-02 (Ala.1985).
*87 In this case, the trial judge was the trier of fact. Although there was some circumstantial evidence presented from which the trial judge could have inferred that Officer Short had been told something that led Short to believe that the appellant’s privilege to be in the Johnson Homes housing project had been revoked, there was simply no evidence presented that the appellant’s privilege to travel in the Johnson Homes area had actually been revoked or that the revocation of this privilege had been conveyed to the appellant. The city appeared to concede as much at trial. Even when viewing the evidence in the light most favorable to the prosecution, as we are bound to do, White v. State, 546 So.2d 1014, 1016-18 (Ala.Cr.App.1989), it requires sheer supposition and guesswork to conclude, from the scant information offered in Officer Short’s testimony, that the appellant was actually banned from Johnson Homes and that he was aware of this ban. As noted above, a conviction cannot be based on supposition and guesswork.
“The burden is on the State to offer sufficient evidence to prove each element of a charged offense. Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973)” Ex parte Gentry, 689 So.2d 916, 921 (Ala.1996). Because the city failed to prove an element of the offense of criminal trespassing, namely, that the appellant knowingly entered or remained unlawfully on the premises, the trial court erred in denying the motion for a judgment of acquittal. Accordingly, the appellant’s conviction for criminal trespass in the third degree is reversed and a judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. The city did not introduce into evidence the ordinance that the appellant was charged with violating, and there is no indication that the trial court took judicial notice of the ordinance; however, the appellant does not argue that the city failed to prove a prima facie case of criminal trespass because it did not introduce the ordinance or because the trial court did not take judicial notice of the ordinance.