WELCH, Presiding Judge,
dissenting.
Bryant Evans was convicted of four counts of first-degree robbery. The majority affirms the convictions; I respectfully dissent because the State did not present a prima facie case of first-degree robbery for any of the four counts.
The majority has accurately summarized the evidence presented by the State. The proprietor of the barbershop where the incident occurred, Michael Rutledge, testified that he knew Evans because Evans had sold him magazines on several occa *773 sions and because Evans had been a barbershop customer in the past. On the morning of this incident, Rutledge saw a man who was shorter than Evans walk past his shop, turn around, and pass by the shop again. A short while later, a male customer, Joshawan Brown, was sitting in one of the barber’s chairs and Rutledge was cutting Brown’s hair. Two other men were sitting in the waiting area of the small shop. Evans entered the shop accompanied by the shorter man, who was carrying a blue gym bag. The shorter man stayed near the door. Evans pulled a gun from his waistband, pointed it in the direction of the two waiting customers, and told the men not to move. Evans then walked toward Rutledge and Brown, and he pointed the gun above Brown’s head, at Rutledge. When Evans got closer to the men, Brown tussled with Evans and grabbed the gun. As the two tussled, Rutledge panicked, ran toward the bathroom to get away, and then grabbed his gun from a nearby counter. Rutledge fired two shots at Evans as he and the other man were leaving the barbershop; one shot struck Evans, injuring him. Evans dropped his gun inside the shop; the gun was recovered by the police. Neither Evans nor the man with the bag demanded anything from the four men in the barbershop; the evidence established that Evans said only “Don’t move,” when he first walked into the shop. One of the customers in the waiting area testified that Evans had entered the shop with another man who was carrying a bag, that Evans pointed the gun and told the waiting customers not to move, and that he then tussled with the customer in the barber’s chair. Evans lost control of the gun and he was shot as he and the other man attempted to leave the shop, the witness said.
Evans and the second man were apprehended near the scene when a police officer followed their vehicle and executed a stop. Officers determined that the vehicle identification number (“VIN”) did not match the license tag on the vehicle. The blue bag Rutledge and the customer testified about was not found inside the vehicle or at the scene. Nothing was taken from the barbershop, its owner, or the customers.
Evans argues on appeal that the trial court erred when it denied the motion for a judgment of acquittal he made at the conclusion of the State’s case. Evans argued in the trial court, as he does on appeal, that the State failed to present any evidence of robbery. In rejecting Evans’s argument on this issue, the majority has set out the relevant caselaw. My disagreement here is with the majority’s application of the law to the facts as adduced from the evidence actually presented at the trial.
The test in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the State, a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. Ex parte Stewart, 900 So.2d 475, 476-77 (Ala.2004) (quoting Webster v. State, 900 So.2d 460, 468 (Ala.Crim.App.2004)). The role of the appellate courts is to determine whether the evidence is legally sufficient, that is, whether a jury could, by fair inference, find the defendant guilty. Id.
Section 13A-8-41(a), Ala.Code 1975, provides:
“A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.”
Section 13A-8-43(a), Ala.Code 1975, provides:
*774 “A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
After quoting the relevant principles, the majority restates its summary of the evidence and employs what appears to be conjecture and surmise to conclude that the State presented a prima facie case:
“[W]e hold that a rational finder of fact could have found Evans guilty beyond a reasonable doubt of all four counts of first-degree robbery. The evidence presented by the State indicated that Rutledge saw the shorter man walk past the barbershop twice in the space of approximately ten minutes and then return to the barbershop with Evans a few minutes later. Based on that evidence, the jury could have reasonably inferred that Evans and his accomplice were surveying the scene immediately before they entered the shop. The State’s evidence further indicated that the shorter man was carrying a blue gym bag that could be used to carry away property; that, after entering the shop, Evans produced a gun, threatening everyone in the shop; that, after an altercation, Evans and the shorter man fled in a car that had been parked out of sight; and that the VIN and license plate on the car were not registered to the same person. Based on those facts, contrary to Evans’s allegation, the jury could have reasonably inferred that Evans intended to compel the acquiescence of everyone in the barbershop to the taking or escaping with property.”
82 So.3d at 770-71 (emphasis added).
Without any testimony from the witnesses, the majority has concluded that the jury was free to conclude that the shorter man was “surveying the scene.” The testimony indicates only that the shorter man walked past the shop and turned around and that he entered the shop with Evans a few minutes later. There is no testimony that the men walked together initially, or that the shorter man was “surveying” anything — only that he walked past the shop and returned minutes later. The majority has added this post hoc interpretation of the man’s walk past the shop. So, too, did the majority add that the blue gym bag “could be used to carry away property.” The majority is correct, of course, that a gym bag could be used to carry away property, but it is equally true that the blue gym bag here could have been used to carry gym clothes or burglary tools or groceries — a vast variety of items, limited only by the carrying capacity of the bag, could have been carried in that bag. Furthermore, the majority states that the car Evans left in had been parked “out of sight.” That statement, too, overstates the facts actually established by the evidence or that could reasonably be inferred therefrom. Rutledge testified that he did not see the men get into the car after he shot Evans because the car was “parked on the back of the building.” (R. 115.) The car was not in Rutledge’s sight, but contrary to the inference drawn by the majority, there was no evidence suggesting that Evans had hidden the vehicle.
“ ‘ “This Court is well aware that where ‘circumstantial evidence points to the guilt of the accused, it will support a conviction as strongly as direct evidence.’ Newsome v. State, 570 So.2d 703, 710 (Ala.Cr.App.1989). *775 Accord, Jones v. State, 514 So.2d 1060, 1067 (Ala.Cr.App.), cert. denied, 514 So.2d 1068 (Ala.1987). However, ‘no rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused’s criminal agency in the offense charged.’ Benefield v. State, 286 Ala. 722, 724, 246 So.2d 488, 485 (1971), quoted in Crafts v. State, 439 So.2d 1328, 1325 (Ala.Cr.App.1983).”
‘“Atwell v. State, 594 So.2d 202, 213 (Ala.Cr.App.1991), cert. denied, 594 So.2d 214 (Ala.1992).
“ ““ “While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. [Citations omitted.] A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala.App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala.App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368 (1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence. [Citations omitted.]
“ ““ “An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. [Citations omitted.] It is a logical and reasonable deduction from the evidence and is not supposition or conjecture. Guesswork is not a substitute. [Citations omitted.] A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. [Citation omitted.] The possibility that a thing may occur is not alone evidence, even circumstantially, that the thing did occur.’””
“ ‘Patterson v. State, 538 So.2d 37, 42 (Ala.Cr.App.1987), conviction rev’d, 538 So.2d 43 (Ala.1988), quoting Ex parte Williams, 468 So.2d 99, 101-02 (Ala.1985).’ ”
“Mullins v. City of Dothan, 724 So.2d 83, 86 (Ala.Cr.App.1998).”
Boyington v. State, 748 So.2d 897, 901 (Ala.Crim.App.1999) (emphasis added), quoted in part in J.M.A. v. State, 74 So.3d 487, 492-93 (Ala.Crim.App.2011).
The evidence presented in this case does not justify an inference that Evans had the intent to rob the four men in the barbershop. The evidence was equally indicative of personal animus toward one of the men, particularly Rutledge, toward whom Evans was walking and at whom Evans appeared to be pointing the weapon. The statement, “Don’t move,” directed to the two men in the waiting area did not reveal an intent to rob any more than it revealed an intent to threaten, kidnap, or harm any or all the men inside the barbershop. In fact, Rutledge said only that he panicked and ran, and the witness who had been in the waiting area testified that he was frightened that Evans might shoot him, but there was no inference from their testimony that they believed Evans intended to rob anyone. I respectfully disagree with the inferences made by the majority in its summary of the limited testimony from the eyewitnesses. Although those inferences are intended to establish the missing ele *776 ment of “intent to compel acquiescence to the taking of or escaping with the property,” an inference is defined as “a permissible deduction from proven facts,” and I do not believe the majority’s inferences are supported by the evidence or proven facts. I have carefully examined the evidence the State presented, and I do not find it sufficient to support an affirmance of any of the four convictions of first-degree robbery. Whatever Evans’s intent might have been, the State failed to establish that he had the intent to steal, and the State failed to present evidence from which a jury could reasonably infer that first-degree robberies were committed.
Because I believe that these convictions were predicated on a combination of surmise, conjecture, speculation, and suspicion, rather than on evidence and reasonable inference, I would hold that the trial court erred to reversal when it denied Evans’s motion for a judgment of acquittal. However, because the State’s evidence supported the charge of menacing, I would remand the case to the trial court for it to adjudge Evans guilty of four counts of the lesser-included offense of menacing, § 13A-6-23, Ala.Code 1975, on which the jury was also charged (R. 323), and to sentence him accordingly. See Martinez v. State, 989 So.2d 1143 (Ala.Crim.App.2006) (appellate courts have authority to reverse a conviction and order entry of judgment on a lesser-included offense).
For the foregoing reasons, I respectfully dissent.